UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Belizario Abraham Benito Vasquez**           ) | |
| ) | Case No. 1:25-cv-11737 |
| Petitioner,           ) | |
| ) | **PETITION FOR WRIT OF** |
| v.           ) | **HABEAS CORPUS** |
| ) | |
| Antone D. Moniz, Superintendent, Plymouth           ) | **ORAL ARGUMENT** |
| County Correctional Facility           ) | **REQUESTED** |
| Enforcement; Todd Lyons, Acting Director, U.S.           ) | |
| Immigration and Customs Enforcement;           ) | |
| Kristi Noem, Secretary of the           ) | |
| U.S. Department of Homeland Security;           **)** | |
| ) | |
| Respondents.           ) | |
| _____)  | |

## INTRODUCTION

1. Petitioner is a nineteen-year-old Guatemalan citizen petitioning for Special Immigrant Juvenile Status based on the severe physical abuse, abandonment, and neglect he sustained as a child by his father, Gregorio Benito Gonzalez. Due to his fear of returning to Guatemala, Petitioner, through counsel, has requested a Credible Fear Interview. He is currently detained at the Plymouth County Correctional Facility.

2. Accordingly, to vindicate Petitioner's statutory, constitutional and regulatory rights, this Court should grant the instant petition for a writ of habeas corpus to ensure his continued freedom. Petitioner asks this Court to find that the physical detention of the Petitioner is unlawful and order ICE not to detain him.

## JURISDICTION

3. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

5. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

6. Venue is proper because Petitioner is in the custody of the Immigration and Customs Enforcement while he is detained at Plymouth County Correctional Facility, which is within the jurisdiction of this District.

7. Venue is also proper in this District because Respondents are officers, employees, or agencies of the United States and Petitioners reside in this District no real property is involved in this action; also a substantial part of the events or omissions giving rise to their claims occurred in this District. 28 U.S.C. § 1391(e).

## REQUIREMENTS OF 28 U.S.C. § 2243

8. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

9. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a *swift* and

imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

## PARTIES

10. Petitioner is the beneficiary of a pending I-360 Application for Special Immigrant Juvenile Status based on the abuse, abandonment, and neglect of his father. Prior to his detention, he was living in Chelsea, MA in the custody of his mother. He is a native and citizen of Guatemala. He is under the direct control of Respondents and their agents.

11. Respondent Antone Moniz is sued in his official capacity as the Superintendent of the Plymouth County Correctional Facility. Respondent Moniz is a legal custodian of Petitioner and has authority to release them.

12. Respondent Todd M. Lyons is sued in his official capacity as the Acting Director of U.S. Immigration and Customs Enforcement. In this capacity, Respondent Lyons is the head of the federal agency responsible for all immigration enforcement in the United States.

13. Respondent Kristi Noem is sued in her official capacity as the Secretary of the U.S. Department of Homeland Security (DHS). In this capacity, Respondent Noem is responsible for the implementation and enforcement of the Immigration and Nationality Act, and oversees U.S. Immigration and Customs Enforcement, the component agency responsible for Petitioner's detention. Respondent Noem is a legal custodian of Petitioners.

## STATEMENT OF FACTS

14. Mr. Benito Vasquez is a 19-year-old Guatemalan child and beneficiary of a pending I-360 Application for Special Immigrant Juvenile Status. On February 28, 2025, Judge Dunn of the Suffolk County Probate and Family Court in Boston, MA found that Mr. Benito Vasquez cannot be reunified with his father, Gregorio Benito Gonzalez, due to abuse,

abandonment, and neglect. His I-360 Application was filed in March 2025, following the court's order finding that he could not be reunited with his father based on the severe physical abuse, abandonment, and neglect he suffered as a child in Guatemala.

15. Based on the same facts, Mr. Benito Vasquez has, through counsel, requested a Credible Fear Interview. He fears returning to Guatemala, where he suffered repeated physical assaults and neglect by his father and where he witnessed domestic violence assaults of his mother. If USCIS were to find he has a credible fear of returning to Guatemala, he will be placed in removal proceedings and permitted to seek asylum and withholding of removal.

## LEGAL FRAMEWORK

16. Noncitizens subject to expedited removal, who indicate a fear of persecution or torture if removed or an intention to apply for asylum, must be referred to an asylum officer for a Credible Fear Interview in accordance with 8 C.F.R. §208.30. *See* 8 C.F.R § 235.3(b)(4). If the noncitizen successfully demonstrates a credible fear of persecution, the expedited order of removal is revoked, and the noncitizen is placed in removal proceedings for the adjudication of the asylum application.

17. Special Immigrant Juvenile Status is afforded to minor noncitizen children who (i) has been declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court located in the United States, and whose reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law; (ii) for whom it has been determined in administrative or judicial proceedings that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality

or country of last habitual residence; and (iii) in whose case the Secretary of Homeland Security consents to the grant of special immigrant juvenile status. *See* INA §101(a)(27)(J)(i)-(iii).

## **CLAIMS FOR RELIEF**

### COUNT ONE

**Violation of Fifth Amendment Right to Due Process with regard to liberty**

18. The allegations in the above paragraphs are realleged and incorporated herein.

19. Other than as punishment for a crime, due process permits the government to take away liberty only "in certain special and narrow nonpunitive circumstances . . . where a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (quotations omitted). Such special justification exists only where a restraint on liberty bears a "reasonable relation" to permissible purposes. *Jackson v. Indiana*, 406 U.S. 715, 738 (1972); see also Foucha v. Louisiana, 504 U.S. 71, 79 (1992); *Zadvydas*, 533 U.S. at 690. In the immigration context, those purposes are "ensuring the appearance of aliens at future immigration proceedings and preventing danger to the community." *Zadvydas*, 533 U.S. at 690 (quotations omitted).

20. Those substantive limitations on detention are closely intertwined with procedural due process protections. *Foucha*, 504 U.S. 78-80. Noncitizens have a right to adequate procedures to determine whether their detention in fact serves the purpose of ensuring their appearance or protecting the community. *Id.* at 79; Zadvydas, 533 U.S. 692; *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 949 (9th Cir. 2008). Where laws and regulations fail to provide such procedures, the habeas court must assess whether the

noncitizen's immigration detention is reasonably related to the purpose of ensuring her appearance or protecting the community. *Zadvydas*, 533 U.S. at 699.

21. Petitioner seeks an order from this Court not to transfer him outside of the judicial district where his mother and his counsel are located. He is a child, whom the Suffolk County Probate and Family Court, has found to be in his best interest to remain with his mother here in the United States. Further, he fears returning to Guatemala based on the physical and emotional abuse of his father in Guatemala. He has requested a Credible Fear Interview and needs to remain within Massachusetts to ensure proper access to counsel.

## **PRAYER FOR RELIEF**

Wherefore, Petitioners respectfully request this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days;

(3) Order that Defendants not remove Petitioner from the Commonwealth of Massachusetts;

(4) Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment and 8 U.S.C. § 1101(a)(15)(T) (Immigration and Nationality Act);

(5) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law; and

(6) Grant any further relief this Court deems just and proper.

[signature to follow]

        Respectfully Submitted
        Belizario A. Benito Vasquez, Petitioner
        By and through:

        s/ Annelise M. Jatoba de Araujo
        _____
        Annelise M. Jatoba de Araujo
        Araujo & Fisher, LLC
        75 Federal St, Ste 910
        Boston, MA 02110
        T: 617-716-6400
        C: 419-494-3051
        F: 617-716-6403
        Counsel for Petitioner

Dated: June 13, 2025

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

    I represent Petitioner, Belizario Abraham Benito Vasquez, and submit this verification on their behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

    Dated this 13th day of June, 2025.

        s/*Annelise M. Jatoba de Araujo*
        Annelise M. Jatoba de Araujo