United States District Court
District of Massachusetts

| | |
|---|---|
| Belizario Abraham Benito Vasquez,<br><br>    Petitioner,<br><br>    v.<br><br>Antone D. Moniz, Superintendent of<br>Plymouth County Correctional<br>Facility, et al.,<br><br>    Respondents. | Civil Action No.<br>25-11737-NMG |

MEMORANDUM & ORDER

GORTON, J.

Petitioner, Belizario Abraham Benito Vasquez ("petitioner"), seeks a writ of habeas corpus from this Court on the ground that he is unlawfully being detained by Immigration and Customs Enforcement ("ICE"). Respondents, Antone Moniz, the Superintendent of Plymouth County Correctional Facility, Kristi Noem, the Secretary of Homeland Security, and others (collectively, "respondents") oppose that petition. For the reasons set forth below, the petition will be denied.

I. **Background**

According to petitioner, he is a 19-year-old Guatemalan national with "special immigrant juvenile" status who has resided, until now, in Chelsea, Massachusetts. In March, 2025, petitioner filed a I-360 visa application, alleging that he has a fear of returning to Guatemala based upon purported abuse and

- 1 -

neglect inflicted by his father. On June 12, 2025, ICE arrested petitioner and is now holding him in Plymouth, Massachusetts.

Based upon petitioner's purported fear of returning to Guatemala, he has requested a "credible fear interview" which permits aliens who "indicate[] . . . a fear of return to his or her country" to obtain an interview with an asylum officer. See 8 C.F.R. §§208.30(b), §235.3(b)(4). Petitioner has not yet received such an interview but ICE claims one is forthcoming.

The following day, petitioner filed for a writ of habeas corpus under 28 U.S.C. §2241, asserting that he is being held in violation of his due process rights. He asked this Court to order ICE not to transfer him outside of Massachusetts and that request was granted. He now asks the Court to order his release.

## II. Legal Standard

Section 2241 confers jurisdiction on this Court to order the release of any person who is held in the custody of the United States in violation of the "laws . . . of the United States" or the United States Constitution. 28 U.S.C. §2241(c). The burden rests on the person in custody to prove his detention is unlawful. Espinoza v. Sabol, 558 F.3d 83, 89 (1st Cir. 2009) (citing Walker v. Johnston, 312 U.S. 275, 286 (1941)).

## III. Analysis

Petitioner asserts that detention is unlawful in his case because it contravenes his Fifth Amendment right to due process

of law to which illegal aliens are entitled while detained. See Jimenez v. Cronen, 317 F. Supp. 3d 626, 637 (D. Mass. 2018). Because petitioner does not articulate which aspect of the due process clause he seeks to invoke, the Court will address both its procedural and substantive aspects in turn.

### A. Procedural Due Process

In the context of immigration detention, procedural due process requires that a detained alien be afforded only those rights provided by statute and regulations thereunder. Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206, 212 (1953); Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 140 (2020) (indicating an alien's procedural due process rights require "noting more" than that he be provided "those rights regarding admission that Congress has provided by statute"); Amanullah v. Nelson, 811 F.2d 1, 9 (1st Cir. 1987) (similar).

By statute, Congress broadly authorized ICE to detain inadmissible aliens and remove them from the country without a hearing. 8 U.S.C. §1225(b)(1)(A)(i)-(iii). When an alien "indicates . . . a fear of return to his or her country," as petitioner does here, however, he is entitled to an interview with an asylum officer to determine if his fear is "credible." Id. §§1225(b)(1)(A)(ii); 8 C.F.R. §§208.30(b), 235.3(b)(4).

If an asylum officer finds the alleged fear credible, the alien may pursue an asylum claim under 8 U.S.C. §1229a. See 8

U.S.C. §1225(b)(1)(A)-(B); 8 C.F.R. §§208.30, 235.3(b)(4). If the asylum officer finds the fear not to be credible, the alien may appeal that decision for review by an immigration judge, see 8 U.S.C. §1225(b)(1)(B)(iii)(III); 8 C.F.R. § 1003.42, and if that judge agrees that no credible fear is present, the alien will be subject to removal, see 8 C.F.R. §1208.30(g)(2)(iv)(A).

Regardless of whether the alien is determined to have such a fear, however, he is "not entitled to immediate release." Thuraissigiam, 591 U.S. at 111. To the contrary, the plain text of §1225, as interpreted by the United States Supreme Court ("the Supreme Court"), requires that applicants "shall be detained" pending a credible fear determination. Id. (citing 8 U.S.C. §1225(b)(1)(B)(iii)(IV)). If an alien is found to have a credible fear, he may be detained pending a decision on his asylum application and, if he is found not to have such a credible fear, he may be detained "until removed" from the country. Id. (citing 8 U.S.C. §1225(b)(1)(B); Jennings v. Rodriguez, 583 U.S. 281, 286 (2018) (recognizing that 8 U.S.C. §1225(b) "mandate[s the] detention of aliens throughout the completion of applicable proceedings"). An applicant is entitled to be "temporarily released" from detention, within the discretion of ICE, only if he demonstrates "urgent humanitarian reasons" or "significant public benefit" that makes his release necessary. 8 U.S.C. §1182(d)(5)(A); Jennings, 583 U.S. at 288.

Here, even if petitioner's fear of returning to Guatemala ultimately proves to be credible, ICE has acted within its authority to detain petitioner while it conducts the procedure necessary to determine if that is the case. See Thuraissigiam, 591 U.S. at 111. Petitioner does not suggest that either ground which would have afforded ICE discretion to permit him to be "temporarily released on parole" is germane to this case. See Jennings, 583 U.S. at 288. Petitioner's continued detention therefore does not offend the statutory and regulatory procedure to which the due process clause entitles him. See Shaughnessy, 345 U.S. at 212; Thuraissigiam, 591 U.S. at 140.

The fact that petitioner has been given special immigrant juvenile ("SIJ") status has no effect on ICE's statutory and regulatory authority to detain him. Other federal courts have routinely recognized that SIJ status alone does not render an alien lawfully present in the country and thus does him to release, nor does it prevent the government from affecting his removal. See, e.g., United States v. Granados-Alvarado, 350 F. Supp. 3d 355, 357 (D. Md. 2018) (indicating that SIJ status "does not make [an alien's] presence lawful"); Cruz-Gonzalez on behalf of D.M.S.C. v. Kelly, No. CV 16-5727, 2017 WL 3390234, at *5 (E.D. Pa. Aug. 7, 2017) (similar); accord USCIS, Policy Alert-2022-10 (March 7, 2022) ("SIJ classification does not render a noncitizen lawfully present [in the United States].").

### B. Substantive Due Process

As to substantive due process rights, the Supreme Court addressed the extent to which those rights may be violated in the context of immigrant detention in Zadvydas v. Davis, 533 U.S. 678 (2001). There, the Court reiterated that the right not to be detained, including for illegal aliens, "lies at the heart of the liberty" that due process rights protect. Id. at 690. Consistent with that right, an alien's pre-removal detention cannot be indefinite or unduly prolonged. Id.

Some period of detention prior to deportation is constitutionally valid, however, Demore v. Kim, 538 U.S. 510, 511 (2003), and an alien's detention presumptively comports with due process if it does not exceed six months, Zadvydas, 533 U.S. at 701. After such a period, and once the alien provides evidence that there is no significant likelihood of his removal in the reasonably foreseeable future, the government must respond with "evidence sufficient to rebut that showing." Id. When evaluating the reasonableness of an alien's detention, the essential question is whether it continues to serve the statute's basic purpose of assuring that the alien will be "present at the time of his removal." Id. at 699.

In this case, petitioner has been detained for only 12 days at this point, far short of the six-month period that is presumptively constitutional under Zadvydas. Id. at 701. The

- 6 -

First Circuit Court of Appeals has routinely upheld longer detentions. See, e.g., Reid v. Donelan, 17 F.4th 1, 12 (1st Cir. 2021). Petitioner also makes no assertion that his removal to Guatemala would not be "reasonably foreseeable" in the event his fear ultimately proves not to be credible. See Zadvydas, 533 U.S. at 611, 620 & n.12. At most, petitioner implies that his detention serves no reasonable purpose but such a claim is unavailing. His continued detention will permit ICE to render a credible fear determination through exercise of the appropriate procedure and ensure, if no credible fear is found, that he will be present for ICE to affect his removal. Id. at 699; accord Shaughnessy, 345 U.S. at 210 ("[T]he power to expel . . . aliens [is a] fundamental sovereign attribute exercised by the government . . . largely immune from judicial control."). Petitioner thus presents no substantive due process violation.

Finally, to the extent petitioner seeks to enjoin ICE from removing him from Massachusetts indefinitely, to compel ICE to afford him an interview sooner or to have this Court review ICE's determination with respect to his removal, such requests are beyond the extent of habeas relief. Writs of habeas corpus can be used only to request release from custody. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). They are not appropriate vehicles to challenge the circumstances of confinement, Muhammad v. Close, 540 U.S. 749, 750 (2004), including a prisoner's

location of custody, see Dowey v. Maine, No. 2:15-CV-138-NT, 2015 WL 6123530, at *6 (D. Me. Oct. 16, 2015), to command a government agency to act, see LeBlanc v. Rhode Island, No. CA 10-489 ML, 2011 WL 1790824, at *4 (D.R.I. Apr. 29, 2011), report and recommendation adopted, No. CA 10-489 ML, 2011 WL 1790813 (D.R.I. May 10, 2011), or to review ICE decisions to initiate expedited removal or to determine whether a credible fear is present, see 8 U.S.C. §1252(a)(2)(A)(iii) (abstracting the review of ICE decisions to initiate expedited removal or determine whether a credible fear exists from the jurisdiction of federal courts). Because any claim that petitioner is entitled to release from detention is unavailing, his petition for writ of habeas corpus will be denied.

## ORDER

For the foregoing reasons:

1) the petition for writ of habeas corpus of Belizario Abraham Benito Vasquez (Docket No. 1) is **DENIED;** and

2) this Court's orders staying petitioner's transfer (Docket Nos. 3 and 5) are hereby **VACATED.**

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: June 23, 2025